**Johnny Monroe HILL, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 482S151.

Supreme Court of Indiana.

Aug. 31, 1983.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The Defendant (Appellant) was convicted, after trial by jury, of Robbery, A Class C Felony, Ind.Code § 35–42–5–1 (Burns Supp.1982), and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp. 1982). He was sentenced to thirty-eight (38) years imprisonment.

This direct appeal presents three (3) issues for review:

1. Whether the evidence is sufficient to support the verdict.

2. Whether the trial court erred in granting the State's motion in limine, which prohibited the mention of the habitual offender charge and the possible sentence therefrom.

3. Whether Ind.Code § 35–50–2–8 (Burns Supp.1982), the Habitual Offender statute, is unconstitutional, as applied to this defendant, in that it violates the Defendant's rights to due process of law and equal protection under the law.

On August 14, 1981, Virginia Bentley was returning to her residence when she was approached from behind by a man who grabbed her purse and fled. Mrs. Bentley gave chase, yelling repeatedly "purse snatcher, purse snatcher." Several local citizens assisted her in the chase which ended in the Defendant's arrest a few minutes later.

\* \* \*

ISSUE I

The Defendant challenges the sufficiency of the evidence, arguing that he is the victim of mistaken identification.

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of

the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of witnesses." *Loyd v. State,* (1980) Ind., 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. (citations omitted).

The evidence most favorable to the State shows that the Defendant was positively identified by the victim as the man who had taken her purse and whom she had chased. Three additional witnesses identified the Defendant as the man they had seen carrying a purse and being chased. The purse and a pair of sandals were recovered from an alley near an area where the defendant had been chased. The victim's wallet was recovered from the foyer of an apartment building in which the Defendant had been standing just before he was stopped and arrested. Finally the victim told the police officer on the scene that she had had four (4) ten dollar bills, three (3) one dollar bills, and some change in her wallet. At the arrest, upon searching the defendant, the police found four (4) ten and three (3) one dollar bills in his rear pocket.

■ This Court has consistently held that a robbery conviction may be sustained on the uncorroborated testimony of one eyewitness. *Brown v. State,* (1982) Ind., 435 N.E.2d 7, 10; *Smith v. State,* (1982) Ind., 432 N.E.2d 1363, 1372; *Geisleman v. State,* (1980) Ind., 410 N.E.2d 1293, 1295. Here three witnesses positively identified the defendant as the man whom they had seen with Mrs. Bentley's purse. Additionally, strong circumstantial evidence connected the defendant with the crime. The evidence is sufficient to support the jury's verdict.

## ISSUE II

■ The Defendant next contends that the trial court erred in granting the State's motion in limine, which prohibited the Defendant from informing the jury of the possible habitual offender charge and the sentence therefor. The defendant correctly notes our decisions in *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830; *Gilmore v. State,* (1981) Ind., 415 N.E.2d 70; and *Harrington v. State,* (1981) Ind., 421 N.E.2d 1113, which are contrary to his position. He has not challenged the rationale upon which these decisions were based, nor has he presented any persuasive argument convincing us to overrule our aforementioned prior decisions. *Owens v. State,* (1981) Ind., 427 N.E.2d 880, 886–87.

## ISSUE III

■ The defendant also contends that Ind.Code § 35–50–2–8 (Burns Supp.1982), the Habitual Offender statute, is unconstitutional, in that it is "arbitrarily and vindictively asserted against certain defendants and not others and thereby results in unfair and dispropriate (sic) treatment to some offenders but not to others similarly situated." He correctly notes our many decisions upholding the statute's constitutionality, *Collins v. State,* (1981) Ind., 415 N.E.2d 46, *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851; *Funk v. State,* (1981) Ind., 427 N.E.2d 1081; *Havens v. State,* (1981) 429 N.E.2d 618; *Smith v. State,* (1981) Ind., 422 N.E.2d 1179; *Eaton v. State,* (1980) Ind., 408 N.E.2d 1281; *Ferguson v. State,* (1980) Ind., 405 N.E.2d 902; *Wise v. State,* (1980) Ind., 400 N.E.2d 114; *McMahan v. State,* (1978) 269 Ind. 566, 382 N.E.2d 154, and asks that we reconsider and overrule such cases. He has failed to present any persuasive rationale warranting a change in our position.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.