NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0039n.06

No. 19-5584

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KITWANA KHAMISI-EL, fka Anthony Neal, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, DONALD, and MURPHY, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  Kitwana Khamisi-El appeals the denial of his motion to vacate his sentence under 28 U.S.C § 2255.  In 2014, Khamisi-El pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  The court deemed him an armed career criminal and sentenced him to 180 months in prison.  Khamisi-El did not appeal that sentence.  Instead, after the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he filed the present motion to vacate, arguing that his prior convictions for robbery under Indiana law no longer qualified as predicate "violent felonies" under the Armed Career Criminal Act.  The district court denied relief.  Because robbery under Indiana law "has as an element the use, attempted use, or threatened use of physical force against the person of another," it is a violent felony.  Accordingly, we affirm.

Khamisi-El also contends that this case should be remanded so that he can amend his motion to vacate his sentence by adding a claim under the recently decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Because such an amendment would constitute a second or successive claim for post-conviction relief under § 2255 and is not based on newly discovered evidence or a new rule of constitutional law, we deny this request.

**I.**

On August 27, 2014, Kitwana Khamisi-El pleaded guilty to being a felon in possession of a firearm. Because he had two prior convictions for robbery under Indiana law and two prior convictions for sale of cocaine in Tennessee, Khamisi-El conceded that he qualified for sentencing under the Armed Career Criminal Act ("ACCA"), which imposes a 15-year mandatory minimum sentence for anyone who violates the felon-in-possession statute and has three or more prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Applying the ACCA, the district court sentenced Khamisi-El to the mandatory-minimum 180 months of incarceration. Khamisi-El did not appeal his conviction or sentence.

After Khamisi-El was sentenced, the Supreme Court invalidated the ACCA's "residual clause." *See Johnson v. United States*, 135 S. Ct. 2551 (2015). Based on this ruling, Khamisi-El filed a motion to vacate his sentence, arguing that his convictions for robbery in Indiana no longer qualified as violent felonies under the ACCA. The district court denied the motion, holding that Indiana robbery remained a violent felony under the ACCA's "elements clause" because it involved "the use, attempted use, or threatened use of physical force against the person of another." We review that decision de novo. *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

**II.**

Under the ACCA, a felony qualifies as "violent" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another."[1]    18 U.S.C. § 924(e)(2)(B)(i).

Robbery under Indiana law can be committed in two ways.  And because the categorical approach announced in *Taylor v. United States*, 495 U.S. 575, 600 (1990), compels us to look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions," we examine both.  As discussed below, both types of Indiana robbery involve the use or threatened use of physical force against another person.

*Robbery under the Force Clause*.  The first way to commit Indiana robbery is to take property from another person "by using or threatening the use of force on any person."  Ind. Code § 35-42-5-1.[2]  Because the plain text of this offense requires "force," it might seem obvious that it "has as an element" the use or threatened use of "physical force" and thus qualifies as a violent felony under the ACCA.  Yet Khamisi-El argues that Indiana courts interpret "force" to include mere "offensive touching," whereas "physical force" under the ACCA means "violent force" that is "capable of causing physical pain or injury to another."  *Johnson*, 559 U.S. at 140.  Our review of the relevant caselaw refutes that argument.

Indiana courts do not hold that robbery can be committed by mere offensive touching. Rather, to be convicted of Indiana robbery under the force clause, "the degree of force used . . . has to be a greater degree of force than would be necessary to take possession of the victim's

---

[1] This standard is referred to as the elements clause.  Indiana robbery would not qualify as a violent felony under the enumerated-offenses clause, and the residual clause is no longer valid.

[2] The Indiana robbery statute was amended effective July 1, 2014 as part of a comprehensive revision of Indiana criminal statutes to change the classification of levels of felonies. Ind. Pub. L. 158–2013, § 450. The amendment did not affect the elements of the offense.

property if no resistance was offered" and "there must be enough force to constitute violence." *Maul v. State*, 467 N.E.2d 1197, 1199 (Ind. 1984) (citing *Shinn v. State*, 64 Ind. 13 (1878)); *Brennon v. State*, 25 Ind. 403, 404 (1865)). Taking something "by a sudden snatching or by stealth is not robbery unless the article in question (e.g., an earring, pin or watch) is so attached to the person or his clothes as to require some force to effect its removal." *Ryle v. State*, 549 N.E.2d 81, 84 n.5 (Ind. Ct. App. 1990) (citation omitted).

The cases cited by Khamisi-El do not persuade us otherwise. In *Hazlett v. State*, 99 N.E.2d 743 (Ind. 1951), a defendant who was convicted of robbery by force argued that the trial judge should have instructed the jury that the defendant could be convicted of the lesser-included offense of battery. *Id.* at 744. In that case, the Indiana Supreme Court observed that "[t]he term 'violence' under the common law definition of robbery is synonymous with battery." *Id.* at 745. But ultimately, the *Hazlett* court held that robbery by force could not be committed without battery— not that battery, by itself, was enough force to support a robbery charge. *Id.* at 746. In *Hill v. State*, 452 N.E.2d 932 (Ind. 1983), a defendant was convicted of robbery by force where the victim "was approached from behind by a man who grabbed her purse and fled." *Id.* at 932. However, the defendant's only argument on appeal was that he was mistakenly identified as the perpetrator, so the level of force involved in the robbery was not at issue. *Id.* at 932–33. In *Henton v. State*, No. 79A02-1703-CR-535, 2017 WL 4455299 (Ind. Ct. App. Oct. 6, 2017), the defendant stole cell phones by breaking the security cables that attached the phones to a display table. *Id.* at *1. In the process, he wrested one security cable from a store employee's hand. *Id.* In upholding the robbery conviction, the *Henton* court emphasized that the store employee "attempted to resist" the defendant, who exerted "sufficient force" to overcome that resistance. *Id.* at *3. Thus, the force used in *Henton* was more than mere offensive touching.

Therefore, the type of "force" required to sustain an Indiana robbery conviction—enough to overcome the victim's resistance—is the same as the "physical force" that makes a felony "violent" under the ACCA. In *Stokeling v. United States*, 139 S. Ct. 544 (2019), the Supreme Court addressed this question in the context of Florida's robbery statute. Like the Indiana law at issue in this case, Florida's robbery statute required the "use of force." *Id.* at 549 (quoting Fla. Stat. § 812.13(1) (1995)). And, like Indiana courts, Florida courts found that "force" was present when "resistance by the victim" was "overcome" by the offender. *Id.* (quoting *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997)). In concluding that Florida robbery is a violent felony under the ACCA, the Court held that "the force necessary to overcome a victim's physical resistance is inherently 'violent.'" *Id.* at 553. In addition, the Court noted that "[t]he altercation need not cause pain or injury or even be prolonged [because] it is the physical contest between the criminal and the victim that is itself 'capable of causing physical pain or injury.'" *Id*. (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

Following the logic of *Stokeling*, committing Indiana robbery "by using or threatening the use of force on any person" is a violent felony under the ACCA.

*Robbery under the Fear Clause.* The second way to commit robbery under Indiana law is to take property from another person "by putting any person in fear." Ind. Code § 35-42-5-1. While the statute's text could be read to encompass crimes involving fear of monetary loss or reputational damage (like bribery or extortion), Indiana courts have clarified that this clause is met only when the conduct of the offender "put[s] the victim in fear of bodily injury in case of noncompliance." *Rigsby v. State*, 582 N.E.2d 910, 912 (Ind. Ct. App. 1991) (quoting *Koby v. State*, 198 N.E. 88, 90 (Ind. 1935)). Under this construction, Indiana applies the "putting in fear" clause to cases in which the offender obtained property by making an implicit threat of bodily

harm.  *See Cross v. State*, 137 N.E.2d 32, 34 (Ind. 1956) (upholding a conviction of robbery by putting in fear where the offender stole a cash register while holding his hand in his pocket in a way that created the impression that he had a weapon).  Indiana law regards robbery by fear as "constructive violence."  *Id.* at 33.

Contrary to Khamisi-El's assertion, Indiana courts do not uphold convictions for robbery by putting in fear where a non-violent "snatching" crime causes the victim to be afraid *after* the fact of the theft.  Such a construction would directly contradict the text of the statute, which requires that property be taken "*by* putting any person in fear."  § 35-42-5-1 (emphasis added).  Consistent with the text, Indiana courts have found robbery by "putting in fear" where the victim "surrendered . . . money *because* she was afraid."  *Baker v. State*, 402 N.E.2d 951, 953 (Ind. 1980) (emphasis added); *see also Brewer v. State*, 369 N.E.2d 424, 425 (Ind. 1977) (upholding a conviction of robbery by putting in fear where "the victim surrendered his property *because* he was in fear") (emphasis added).[3]

Thus, as interpreted by Indiana courts, Indiana robbery by "putting in fear" has as an element the "threatened use of physical force against the person of another," which makes it a violent felony under the ACCA.  And because both types of Indiana robbery are violent felonies under the ACCA, Khamisi-El was properly sentenced.

---

[3] Khamisi-El's reference to *Maul v. State*, 467 N.E.2d 1197, 1200 (Ind. 1984), fails to establish that the "putting in fear" clause can be met by a victim's after-the-fact fear.  In that case, the defendant stole a purse from the victim's arm with such force that "her whole arm was wrenched backward" and her "shoulder was sore."  *Id.*  The *Maul* court addressed the fear clause only after holding that the evidence supported a conviction of robbery by use of force.  The superfluous observation that "there was sufficient evidence under the facts of this case from which the jury could have inferred the victim was in fear" does not establish that a victim's after-the-fact fear could, by itself, support a robbery conviction.

**III.**

In his brief on appeal, Khamisi-El requests that we remand this case so that he can amend his motion to vacate his sentence to add a claim based on the recently decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

Because Khamisi-El raised this claim for the first time on appeal, such an amendment would constitute a second or successive motion for post-conviction relief under § 2255. *Moreland v. Robinson*, 813 F.3d 315, 324 (6th Cir. 2016) (holding that a motion to amend is a successive motion for post-conviction relief when it is "filed after the petitioner has appealed the district court's denial of his original habeas petition or after the time for the petitioner to do so has expired").

Accordingly, we cannot permit Khamisi-El to amend his motion unless the proposed amendment contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Khamisi-El has not formally asked this court to certify that his proposed amendment meets this standard. *See* § 2244. Nevertheless, we construe his request to amend as an application for such certification. *See Moreland*, 813 F.3d at 325 (citing *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005)).

Khamisi-El proposes to argue that his felon-in-possession conviction should be vacated based on *Rehaif*. Before *Rehaif*, the government could obtain a felon-in-possession conviction without proving that the defendant *knew* he had previously been convicted of a felony. *See*, *e.g.*, *United States v. Daniel*, 134 F.3d 1259, 1263 (6th Cir. 1998). But in *Rehaif*, the Supreme Court

clarified that the term "knowingly" in the felon-in-possession statute applied to both the defendant's possession of a firearm and the defendant's status as a felon. *Rehaif*, 139 S. Ct. at 2200.

The rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Moreover, *Rehaif*'s change in statutory interpretation cannot be considered "newly discovered evidence."

Accordingly, we cannot authorize the district court to hear Khamisi-El's proposed amended claim. *See* § 2255(h); § 2244(b)(3)(C).

**IV.**

For these reasons, we **AFFIRM** the district court's denial of Khamisi-El's motion to vacate his sentence and **DENY** his request to amend his motion to add a claim based on *Rehaif*.