KETHLEDGE, J., delivered the opinion of the court in which BATCHELDER, J., joined. MERRITT, J. (pp. 822-27), delivered a separate dissenting opinion.
OPINION
KETHLEDGE, Circuit Judge.
More than 20 years ago, Bobby Sheppard shot and killed a Cincinnati store owner, Dennis Willhide, execution-style, as *817 Willhide lay helpless on the floor in front of him. A jury convicted Sheppard of murder, and the state trial court sentenced him to death. Since then Sheppard has challenged his conviction' and sentence on direct appeal in the Ohio Court of Appeals and the Ohio Supreme Court; filed two petitions for post-conviction relief in state court, which he likewise litigated all the way through the Ohio appellate courts; and filed a federal habeas petition, whose denial he challenged in this court. In every one of those proceedings, at every stage, the courts denied relief; and in three of those proceedings the United States Supreme Court denied certiorari. Sheppard now seeks to reopen his federal habeas case in light of Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), which was decided a month before Sheppard filed his petition for cer-tiorari in his federal habeas ease. Yet Sheppard did not even mention Martinez in his petition. The district court denied Sheppard’s motion to reopen his case under Rule 60(b). We affirm.
I.
Our last opinion in this case sets forth most of the relevant facts. See Sheppard v. Bagley, 657 F.3d 338 (6th Cir.2011). Here we discuss only certain procedural facts especially relevant to this appeal.
During the penalty phase of Sheppard’s trial, Sheppard claimed that he suffered from paranoid schizophrenia. Sheppard’s expert, Dr. Jeffrey Smalldon, testified in detail about the nature of paranoid schizophrenia and about his conclusion that Sheppard was schizophrenic. After hearing all of the evidence, however, the jury recommended a death sentence.
Soon thereafter, one of the jurors, Stephen Fox, told somebody in the prosecutor’s office that, during the penalty phase, he had asked his former landlord, Helen Jones, for a layperson’s definition of paranoid schizophrenia. The prosecutor promptly informed the trial court, which held an in camera hearing. There, in response to questions from the court and Sheppard’s attorney, Fox testified that Jones had given him a “very boiled down” definition of paranoid schizophrenia, namely, that “those kind of people just are not really in touch with reality.” Fox further testified that Jones’s definition had not influenced his decision to vote for the death penalty and that he had not discussed Jones’s definition with any other jurors. After hearing Fox testify, the court found that Sheppard had not suffered any prejudice from Fox’s misconduct. The court thereafter sentenced Sheppard to death.
Sheppard then filed a motion for a new trial and a motion for resentencing, arguing among other things that his sentence was invalid because of Fox’s misconduct. Sheppard attached an affidavit from Jones, in which she confirmed that she had given Fox a brief description of paranoid schizophrenia. Sheppard App’x at 876. In response, the government submitted its own affidavit from Jones, in which she said that her description of paranoid schizophrenia was “totally consistent” with Dr. Small-don’s testimony. Id. at 888. The trial court denied the motions, finding again that Fox’s misconduct was harmless. The Ohio Court of Appeals affirmed, as did the Ohio Supreme Court. State v. Sheppard, 84 Ohio St.3d 230, 703 N.E.2d 286 (1998). The United States Supreme Court denied certiorari. Sheppard v. Ohio, 527 U.S. 1026, 119 S.Ct. 2376, 144 L.Ed.2d 779 (1999).
Sheppard then returned to the trial court and filed a petition to vacate his sentence, arguing that his trial counsel should have presented more evidence that Sheppard was schizophrenic on the day he *818 murdered Willhide. Sheppard App’x at 889, 894. The trial court denied the petition, the Ohio Court of Appeals affirmed, and the Ohio Supreme Court denied review. State v. Sheppard, 1999 WL 162457 (Ohio App. 1st Dist.1999); State v. Sheppard, 86 Ohio St.3d 1437, 713 N.E.2d 1049 (1999). The United States Supreme Court again denied certiorari. Sheppard v. Ohio, 528 U.S. 1168, 120 S.Ct. 1190, 145 L.Ed.2d 1095 (2000).
Sheppard then filed a second petition in state court seeking to vacate his sentence. This time, Sheppard claimed that his trial counsel was ineffective for failing to submit “at least some evidence, by affidavit or testimony, to support their motion for new trial on the basis of juror misconduct.” Sheppard App’x at 1064. Specifically, Sheppard said that “counsel should have submitted evidence from a practicing psychologist to show” that the definition of paranoid schizophrenia that Jones had given Fox was misleading. Id. The trial court denied the petition because Sheppard could have raised the claim in his first petition. The Ohio Court of Appeals affirmed, and the Ohio Supreme Court denied review. State v. Sheppard, 2001 WL 331936 at *2 (Ohio App. 1st Dist.2001); State v. Sheppard, 92 Ohio St.3d 1445, 751 N.E.2d 483 (2001).
In 2000, Sheppard filed a federal habeas petition, in which he alleged 15 claims for relief. Among them was that his trial counsel was ineffective for failing to submit evidence “from an expert” to show that Jones had given Fox a misleading definition of paranoid schizophrenia. Sheppard App’x at 1490. Sheppard also claimed that his trial counsel should have obtained testimony from Jones that she had told Fox more than paranoid schizophrenics are “out of touch with reality.” R. 89 at 116-17.
In 2002, a magistrate judge held an evi-dentiary hearing at which Fox and Jones testified. Fox’s testimony was mostly consistent with what he had said earlier: He testified that, before he spoke to Jones, he had already decided to vote in favor of the death sentence and that Jones had given him a brief layperson’s definition of schizophrenia. Sheppard App’x at 598-603. After persistent questioning from Sheppard’s attorney, however, Fox conceded that his conversation with Jones had made it easier for him to vote for the death sentence. Id. at 603-04. Jones herself testified that she could not .remember much of her conversation with Fox, but that she had given him the same definition “that any person would find in the dictionary or Psych 101.” Id. at 627. Sheppard’s attorneys also questioned Jones about her affidavit from seven years earlier, in which she had said that the definition she gave Fox was “totally consistent” with Dr. Smalldon’s testimony. Id. at 648. Jones initially said that she could not remember whether she had actually read Smalldon’s testimony. Id. at 650. But later, after repeated questioning, she conceded that she had not read it. Id. at 657.
The magistrate judge recommended that the district court find that Jones’s ineffective-assistance claim was procedurally defaulted. Sheppard did not object, and in 2009-15 years after he murdered Will-hide — the district court denied his petition. On appeal, Sheppard did not pursue his trial-court ineffective-assistance claim, though he pursued many others. In September 2011, this Court affirmed the denial of Sheppard’s petition. Sheppard, 657 F.3d at 348. We refused to consider the new testimony from Jones and Fox because “[t]he testimony in Sheppard’s evi-dentiary hearing was taken in violation of [28 U.S.C.] § 2254(e)(2).” Id. at 344.
*819 In March 2012, the Supreme Court decided Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), which is the case that Sheppard seeks to rely on here. There, the Court held that “[^Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner’s procedural default of a claim of ineffective assistance at trial.” Id. at 1315. Fully a month later, Sheppard filed his petition for certio-rari but chose not to mention Martinez or any of the reasons why he now thinks Martinez requires his case to be reopened. The Court denied Sheppard’s petition. Sheppard v. Robinson, — U.S. -, 132 S.Ct. 2751, 183 L.Ed.2d 623 (2012). At that point — after 12 years of litigation in federal court — the judgment in his federal habeas case became final.
Yet Sheppard’s motion practice continued. Returning to the district court, Sheppard filed a motion for relief under Rule 60(b), arguing that the Supreme Court’s decision in Martinez amounted to an extraordinary circumstance justifying reconsideration of his ineffective-assistance claim. The district court denied the motion. This appeal followed.
II.
A.
Sheppard has already had a full round of federal habeas litigation, so a threshold question is whether his Rule 60(b) motion should be treated as a “second or successive petition” under the Anti-terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(b). See Gonzalez v. Crosby, 545 U.S. 524, 529, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A Rule 60(b) motion “is in substance a successive habeas petition and should be treated accordingly” if (among other things) it seeks to relitigate a habeas claim already adjudicated on the merits in federal court, or “seeks to add a new ground for relief[J” Id. at 531-32, 125 S.Ct. 2641. In contrast, “[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant’s state conviction, allowing the motion to proceed ... creates no inconsistency with the habeas statute or rules.” Id. at 533, 125 S.Ct. 2641. Thus, to avoid the application of § 2244(b), a Rule 60(b) motion must “confine[] itself’ to the “first federal habeas petition” and challenge only “a nonmerits aspect” — e.g., a determination that a claim was time-barred or procedurally defaulted — “of the first federal habeas proceeding.” Id. at 534, 125 S.Ct. 2641.
Some aspects of Sheppard’s Rule 60(b) motion fail this test. In Sheppard’s first federal habeas petition and brief in support, he asserted that his trial counsel had been ineffective because of two omissions (among others) in the state trial court: first, that counsel did not submit expert testimony to challenge the definition of paranoid schizophrenia that Jones gave to juror Fox, see Sheppard App’x at 1490; and second, that counsel did not elicit testimony from Jones to the effect that Fox had mischaracterized her description of paranoid schizophrenia, see R. 89 at 117. Sheppard’s Rule 60(b) motion would add two more omissions to this list: that counsel did not obtain from Fox an admission'that his conversation with Jones made it “easier” for him to vote in favor of a death sentence; and that counsel did not obtain from Jones an admission that she had not read Smalldon’s testimony before submitting her affidavit to the trial court. R. 150 at 46. Neither of those omissions were set forth in Sheppard’s first habeas petition. (Indeed his brief in support of that petition told the district court that Sheppard’s trial counsel “could not have *820 reasonably anticipated” that Jones had not read Smalldon’s testimony, R. 89 at 108-09 (emphasis added), which conflicts with Sheppard’s claim now that counsel should have elicited an admission to that effect.) Hence Sheppard’s Rule 60(b) motion does not confíne itself to the substance of his first habeas petition, but instead tries to add new grounds for relief. To that extent, therefore, Sheppard’s Rule 60(b) “is in substance a successive habeas petition and should be treated accordingly.” Gonzalez, 545 U.S. at 531, 125 S.Ct. 2641. Thus we will not consider Sheppard’s claims concerning the admissions that his trial counsel allegedly should have obtained from Fox and Jones.
That leaves Sheppard’s claims based upon the two omissions that he did allege in his earlier petition. Sheppard’s Rule 60(b) motion is not second or successive to the extent that it challenges the district court’s determination that these claims are procedurally defaulted. See id. at 532 n. 4, 125 S.Ct. 2641. As to these claims only, therefore, we turn to the question whether Sheppard has met the Rule 60(b) standard to reopen the district court’s judgment.
B.
We review the denial of a Rule 60(b) motion for an abuse of discretion. Henness v. Bagley, 766 F.3d 550, 554 (6th Cir.2014).
Sheppard argues that the Supreme Court’s decision in Martinez is reason to allow him to reopen his federal habeas case under Rule 60(b)(6). That rule applies only if the movant shows “extraordinary circumstances justifying the reopening of a final judgment.” Gonzalez, 545 U.S. at 535, 125 S.Ct. 2641 (internal quotation marks omitted). Per the Supreme Court, “[s]uch circumstances will rarely occur in the habeas context.” Id.
The Court’s decision in Gonzalez governs our decision here. In Gonzalez, the district court held that Gonzalez’s claims were time-barred under 28 U.S.C. § 2244(d). The Eleventh Circuit denied a certificate of appealability. During the 90-day period in which Gonzalez could have filed a petition for certiorari with the Supreme Court, however, the Court granted review in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). And in Artuz the Supreme Court rejected the same interpretation of § 2244(d) that the district court had adopted in holding that Gonzalez’s claims were time-barred. Citing that fact, Gonzalez filed a motion under Rule 60(b)(6), arguing that Artuz was an extraordinary circumstance that justified reopening his habeas case. The district court denied the motion.
For two reasons, the Supreme Court held that the district court “was correct to deny relief.” 545 U.S. at 538, 125 S.Ct. 2641. First — and here the Court used the term “extraordinary” in the sense of “unusual” — the Court stated that it was “hardly extraordinary” that the Supreme Court adopted a different interpretation of § 2244(d) than the district court and the Eleventh Circuit had adopted. Id. at 536, 125 S.Ct. 2641. Second — and here the Court used “extraordinary” in a more equitable sense — the Court stated Gonzalez’s “lack of diligence” in seeking review of the district court’s interpretation of § 2244(d) “confirms that Artuz is not an extraordinary circumstance justifying relief from the judgment in petitioner’s case.” Id. at 537, 125 S.Ct. 2641.
Similar reasons support the district court’s decision here. First, our court has already held that the Supreme Court’s decision in Martinez and its follow-on decision in Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013) are not “extraordinary” within the mean *821 ing of Rule 60(b)(6). See, e.g., Henness v. Bagley, 766 F.3d 550, 557 (6th Cir.2014) (capital case). .True, Martinez recognized a “narrow exception[,]” 132 S.Ct. at 1315, to the Court’s earlier decision in Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). But Martinez did not overrule Coleman, and thus is not as extraordinary as Sheppard suggests.
Second, like Gonzalez, Sheppard was not diligent in seeking relief from the Supreme Court on direct review in his habeas case. Indeed Sheppard was even more derelict than Gonzalez was. In Gonzalez’s case, during the period in which he could have sought certiorari, the Supreme Court had merely granted review in Artuz — and yet the Court held that Gonzalez should have filed a petition that flagged the issue and requested a remand if the Court’s decision came out his way (which it did). 545 U.S. at 537, 125 S.Ct. 2641. Here, the Supreme Court had actually issued its opinion in Martinez a month before Sheppard filed his' petition for certiorari — and yet Sheppard never mentioned the case in his petition. Had he done so, the Court’s decision in Gonzalez makes “indisputably]” clear, the Court “would surely have granted him the reconsideration ... that he later sought in his Rule 60(b) motion.” Id. at 537 n. 10, 125 S.Ct. 2641. As in Gonzalez, therefore, Sheppard’s “lack of diligence confirms” that Martinez “is not an extraordinary circumstance justifying relief from the judgment in [his] case.” Id. at 537, 125 S.Ct. 2641.
The Supreme Court stopped there in Gonzalez — and thus (excepting our response to the dissent) so do we. Extraordinary circumstances within the meaning of Rule 60(b)(6) are a rarity in habeas cases. Id. at 536, 125 S.Ct. 2641. Sheppard has not shown they are present here.
Finally, we make some points in response to our dissenting colleague. First, the dissent seeks largely to relitigate the issués we decided in Sheppard’s last appeal. The Supreme Court denied certiora-ri as to those issues, and we are content to leave things where they stood last time. Second, the dissent is mistaken as to what, exactly, we held in our last appeal. We did not hold, as the dissent asserts throughout its opinion here, that Sheppard’s counsel in state court had been constitutionally ineffective. Instead we held that Sheppard had not been “diligent” for purposes of § 2554(e)(2). Sheppard, 657 F.3d at 343-44. That holding does not even roughly equate to a holding that Sheppard’s counsel was ineffective for purposes of the Sixth Amendment — not least because we had no reason to determine whether Sheppard had shown any prejudice within the meaning of Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). And we would add that the implications of Fox’s and Jones’s testimony in the federal evi-dentiary hearing are not nearly as Copernican as the dissent and Sheppard think they are. See, e.g., Sheppard, 657 F.3d at 344 (“there is no reason to think that testimony given seven years after the relevant events is necessarily more accurate or truthful than testimony given promptly after those events”).
Third, the dissent entirely overlooks that the federal courts have already entered a final judgment denying Sheppard’s petition for habeas relief in this case. And the Supreme Court has made clear — in a death case, no less — that the federal circuit courts must afford that judgment profound respect. See Calderon v. Thompson, 523 U.S. 538, 556, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (“A State’s interests in finality are compelling when a federal court of appeals issues a mandate denying federal habeas relief’).
*822 Lastly, Gonzalez is not “irrelevant[,]” Dissent op. at 826, to this case. That case’s profile — a Rule 60(b) appeal seeking to set aside a final judgment in a habeas case on the ground that some new Supreme Court decision is “extraordinary”— is precisely this case’s profile. So of course we are bound to apply Gonzalez here. And it is hardly “contrive[d,]” id. at 827, to apply the Supreme Court’s precedents in habeas cases. Faithfully applied, those precedents make clear that — more than 20 years now after Sheppard murdered Dennis Willhide — Sheppard is not entitled to relitigate his case yet again. * * *
The district court’s January 14, 2013 order denying Sheppard’s Rule 60(b) motion is affirmed.